

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-84,543-02

### EX PARTE RODOLFO JESUS MORALES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1100375-B IN THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to eighty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Morales v. State*, No. 14-13-00171-CR (Tex. App.—Houston [14th Dist.] July 17, 2014) (not designated for publication).

This is a subsequent application. TEX. CODE CRIM. PROC. art. 11.07, § 4. In a single ground, Applicant contends that trial counsel failed to convey a plea offer of fifteen years. Applicant has alleged facts that, if true, might entitle him to relief. *Lafler v. Cooper*, 566 U.S. 156 (2012). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel and the prosecutor in Applicant's case to respond to his claim. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether (1) based on the affidavit from Applicant's father in the record, the factual basis of Applicant's claim was not ascertainable through the exercise of reasonable diligence on or before Applicant filed the previous application in this cause; (2) the State offered fifteen years; (3) trial counsel timely conveyed this offer to Applicant; and (4) there is a reasonable probability that Applicant would have accepted this offer, the State would not have withdrawn it, and the trial court would have accepted it. *Cooper*, 566 U.S. at 164. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 1, 2019
Do not publish